[No. 3,296.]

WILLIAM P. HOFFMAN ET AL. *v.* JOSE JESUS VAL-
LEJO, PLUTARCO VALLEJO, AND THE ODD
FELLOWS' SAVINGS BANK OF THE CITY AND
COUNTY OF SAN FRANCISCO, ET AL.

WHEN CONTRACT WITH ATTORNEY NOT AGAINST PUBLIC POLICY.—It is not against public policy for a party claiming title to land to enter into a contract with an attorney, by which it is agreed that the attorney shall commence legal proceedings for its recovery and pay the costs, and in consideration of his services and expenditure of money have an undivided one half of all the land recovered, and the undivided one half of all that may be recovered or obtained by reason of any compromise or settlement of the matter, and that the party claiming the land shall not make any settlement or compromise without the consent of the attorney.

IDEM.—Such contract constitutes the attorney the equitable owner of the undivided one half of whatever shall result from the prosecution or compromise of the suit instituted by him to recover the land.

LAND HELD IN TRUST.—If an attorney contracts with a party who claims land to commence a suit to recover the land and to pay the expenses, and receive for his services and expenses one undivided half of what may be recovered, and the undivided one half of the result of a settlement or com-

promise of the matter, and the party compromises by having money paid to a third person, who, in consideration of the money, deeds to a fourth person land in trust for the party, such fourth person holds an undivided one half of the land in trust for the attorney.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

This action was commenced February 8th, 1870. The Wilsons had assigned to plaintiff Hendy their interest in the contract. It was alleged that the defendants, other than the Vallejos, claimed some interest in the land adverse to the plaintiffs. The Wilsons were attorneys at law.

The plaintiffs appealed.

The other facts are stated in the opinion.

*J. McCormick*, for Appellants.

An agreement by which a lawyer undertakes to recover property, by suit or other professional labor, for which he shall have as his compensation a part of the property recovered, is not illegal and void in this State. (*Mathewson v. Fitch*, 22 Cal. 95; *People v. Nevada*, 6 Cal. 143; *Ex Parte McCarthy*, 29 Cal. 395.)

The agreement is good in the mutuality of the agreements of the parties to it. (*Mathewson v. Fitch*, 22 Cal. 93, 94; *Lousdale v. Brown*, 4 Wash. C. C. 148; *Train v. Gold*, 5 Pick. 380.)

*Wm. Irvine*, for Respondents.

The contract is *contra bonos mores*, not for champerty or maintenance, but in the condition that prevents the party from settling or compromising his own business. Such a condition is against public policy, and, therefore, illegal and void. The precise question was presented and passed upon in the case of *Key v. Vattier*, 1 Hammond, Ohio R. 132, in which State it was admitted that there was no statute against champerty or maintenance, and where the common law in

relation to the punishment of crimes and misdemeanors is not in force. In that case the agreement was between attorney and client, and provides for a division of the property which the suit was brought to recover, and contained a condition "that if any compromise should be effected, the same should be the joint act and consultation of the parties to said indenture."

In *Wukly* v. *Hall*, 13 Stanton, Ohio R. 175, the Court goes further, and the Judge, in delivering the opinion, says: "But we take this occasion to say that the law of Ohio will tolerate no lien in or out of the profession, as a general rule, which will prevent litigants from compromising or settling their controversies, or which in its tendencies encourages, promotes, or extends litigation."

*J. McCormick*, in reply.

The language of the instrument of contract upon which his action rests, is "or any litigation, settlement, or compromise of the matters aforesaid." A contract which expressly provides for settlement or compromise, does not forbid settlement or compromise, and is not open to objection as *contra bonos mores* on that account.

By the Court, WALLACE, C. J.:

The complaint sets forth an agreement, as follows:

"This agreement, made and entered into this fifth day of September, A. D. eighteen hundred and sixty-five, by and between José Jesus Vallejo, of the County of Alameda, State of California, of the first part, and William P. Hoffman, Samuel M. Wilson, and David S. Wilson, the latter two constituting the law firm of Wilson & Wilson, of the City and County of San Francisco, of the second part, witnesseth: Whereas, the said Vallejo has certain rights and claims to

that certain rancho or tract of land, or a great part thereof, called the 'Rancho Arroyo de la Alameda,' situated in the County of Alameda and State of California, and bounded on the south by the Alameda Creek; on the west by the salt marsh lands lying along the Bay of San Francisco; and on the north and east by the 'Rancho San Lorenzo' and the top of the mountains, and is more particularly described in the patent thereof from the United States to the said José Jesus Vallejo, the party of the first part, which patent is recorded in the Recorder's office of the County of Alameda, in Book 'A' of Patents, on pages sixty-two to seventy-one, inclusive, to which reference is here made; and whereas, the said party of the first part is desirous of instituting certain proceedings in law and equity for the recovery of said lands, and particularly to set aside a certain sale of the premises, or a greater part thereof, made by the Sheriff of the County of Alameda, on or about the 25th day of August, A. D. 1862, under or purporting to be under a certain judgment or decree of the District Court of the Third Judicial District of the State of California, in and for the said County of Alameda; and whereas, the said party of the first part has, at even date herewith, given to said Hoffman and to said Wilson, his power of attorney in reference to the matter aforesaid, and has retained said Wilson and his law partner, David S. Wilson, to conduct the business aforesaid in conjunction with said Hoffman; now, in consideration of the premises, the party of the first part does hereby agree to convey by good and sufficient deed or deeds of conveyance, to the said parties of the second part, one undivided half of all his right, title, interest, and estate in said rancho or tract of land, and in each and every part thereof, to be equally divided between the parties of the second part, and the undivided one half of all that may be recovered, obtained or recovered, or any litigation, settlement, or compromise of the matters aforesaid, or any part thereof, such

deeds to be made or such moneys paid to the parties of the
second part on demand, and no settlement or compromise of
any of the matter aforesaid shall be made without the con-
sent of the parties of the second part in writing expressed;
and upon the recovery of any of said lands, shall embrace
the mill called ' Vallejo Mill,' either by litigation or compro-
mise, it is understood that, upon any division between the
said Hoffman and S. M. and D. S. Wilson, that the said Val-
lejo shall have the right of choice of the part on which said
mill is located, but the division shall, however, be equal in
value between the party of the first part and the parties of
the second part; and it is further understood and agreed
that it shall be left at the discretion of said S. M. Wilson
and D. S. Wilson to determine what proceedings at law or
equity shall be commenced or prosecuted, in order to deter-
mine the rights of said José Jesus Vallejo. It is further un-
derstood that the said José Jesus Vallejo shall receive his
proportion of the property which he may recover or obtain
by said proceedings free from any and all fees of attorney,
or Court costs, or referee's fees. In witness whereof, the
parties have hereunto set their hands and seals, the day and
year first above written.

" J. J. VALLEJO,   [SEAL.]

" W. P. HOFFMAN,   [SEAL.]

" S. M. WILSON,   [SEAL.]

" D. S. WILSON."   [SEAL.]

In a few days after the making of the foregoing agree-
ment the defendant, J. J. Vallejo, delivered to Hoffman and
Wilson a letter of attorney, as follows:

" Know all men by these presents, that I, José Jesus Val-
lejo, of the County of Alameda, State of California, have
made, constituted, and appointed, and by these presents do
make, constitute, and appoint William P. Hoffman and
Samuel M. Wilson my true and lawful attorneys, for me and

in my name, place, and stead, to commence, institute, and prosecute for me and in my name; and likewise to defend in law and equity, and in any Courts, any and all suits, actions, or legal proceedings whatever for the recovery of or relating to the rancho or tract of land called the Rancho Arroyo de la Alameda, and each and every part thereof; the said rancho being bounded on the south by Alameda Creek, on the west by the salt marsh lands lying along the Bay of San Francisco, and on the north and east by the Rancho of San Lorenzo and the top of the mountains, and more particularly bounded and described in the patent therefor from the Government of the United States to me, which patent is recorded in the Recorder's office of the County of Alameda, in Book 'A' of Patents, on pages sixty-two to seventy-one, inclusive, or relating to any sales heretofore made by any of my attorneys, of any parts thereof, and also to institute and prosecute any and all suits, actions, and proceedings in law and equity to maintain and establish any and all rights I may have in the premises, or in any part thereof, or in any of the proceeds of any sales thereof, and particularly to institute a suit or suits, actions, or proceedings to set aside a certain sale made by the Sheriff of said County of Alameda on or about the 25th day of August, A. D. 1862, of said lands, or a great part thereof, to Jonas G. Clark, purporting to be made under a certain judgment or decree of the District Court of the Third Judicial District of the State of California, in and for the County of Alameda, in a certain action in which said Jonas G. Clark was the plaintiff and I, the said Vallejo, and others, were defendants; and I do authorize and empower my said attorneys to make any and all compromises with any and all persons relating to the matter aforesaid, on such terms and conditions as to them may seem meet, giving and vesting in

them full power and control irrevocable over the matters, and each and all of the matters aforesaid, with full power to make, execute, and deliver in my name, and under my seal or otherwise, any and all deeds of conveyance of and all of said lands aforesaid, or any instrument in writing whatever they may deem needful or expedient in the premises, giving and granting unto my said attorneys full power and authority to do and perform every act and thing whatever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorneys, or their substitutes, shall lawfully do or cause to be done by virtue hereof.

"In witness whereof, I have hereunto set my hand and seal, the twenty-ninth day of August, one thousand eight hundred and sixty-five.

"J. J. VALLEJO." [seal.]

It is alleged in the complaint that in August, 1860, the defendant, J. J. Vallejo, being then the owner of some fourteen thousand acres of the Rancho Arroyo de la Alameda, gave to one Jonas G. Clark a mortgage to secure the payment of sixty-five thousand dollars and interest, and in the following month of January gave him another mortgage on the same premises to secure the payment of a further sum of ten thousand dollars and interest. Subsequently, in the year 1862, Clark, upon proceedings instituted by him against Vallejo to foreclose these mortgages, and a decree rendered therein, became the purchaser of these premises, and in February, 1863, obtained a Sheriff's deed therefor. It is further alleged that in 1865, when the agreement between Vallejo and the Wilsons was entered into and the letter of attorney given by Vallejo, the latter claimed "that said suit, proceedings, decree, and sale were fraudulent, irregular, and

invalid," and the purpose of the agreement and the letter of attorney was to open the decree and set aside the sale had thereunder, "on the ground of such fraud, irregularity, and invalidity as aforesaid." It is further averred in the complaint, "that said S. M. Wilson, D. S. Wilson, and Hoffman, thereupon immediately took steps to institute proceedings, and did institute legal and other proceedings against Jonas G. Clark, mortgagee as aforesaid, in accordance with said agreement, to have said decree and sale opened and set aside as aforesaid, and expended a large amount of money and much time and labor, professional and otherwise, in the matter and on that behalf."

It is also then alleged that in March, 1866, and after the Wilsons and the plaintiff Hoffman had expended much money, time, and labor about the business, the defendant J. J. Vallejo, in contravention of the agreement, without the knowledge of the plaintiff Hoffman or the Wilsons, and in fraud of their rights, made a settlement with Clark, by which settlement J. J. Vallejo effectuated, ratified, and confirmed the conveyance theretofore made by the Sheriff to Clark.

The complaint avers that the consideration received by the defendant J. J. Vallejo upon this settlement was some twelve thousand five hundred dollars, paid by Clark to one J. S. Doe, at the request of the defendant, Vallejo, and that, thereupon, Doe, at the instance of said J. J. Vallejo, conveyed certain premises (part of the Rancho Arroyo de la Alameda) to the defendant Plutarco Vallejo, a son of the defendant J. J. Vallejo, and who now holds them in trust for his father.

The prayer is that the defendant Plutarco, as to the undivided one half of the premises, be decreed to hold in trust for the plaintiffs, and to account to them for rents and profits, etc. The defendants demurred to the complaint, and, the demurrer being sustained by the Court, the complaint was dismissed.

1. The agreement upon which the complaint is founded is not void as being contrary to public policy. (*Mathewson* v. *Fitch*, 22 Cal. 86.)

2. By the terms of that agreement the one undivided half of whatever might be recovered of Clark, or obtained by compromise, was to go to Hoffman and the Wilsons. After suit brought against Clark, to enforce the claim of J. J. Vallejo, the latter secretly compromised the suit—receiving some twelve thousand five hundred dollars as the fruit of the action which the Wilsons had brought—this sum being invested for the benefit of the defendant, J. J. Vallejo, in a small tract of land which is part of the Rancho Arroyo de la Alameda, named in the agreement—the title to which small tract was taken in the name of the defendant Plutarco Vallejo, for the benefit of his father, the defendant J. J. Vallejo.

The agreement of September, 1865, constituted Hoffman and the Wilsons together the equitable owners, as against the defendant, J. J. Vallejo, of the undivided half of whatsoever should thereafter result from the prosecution or compromise of the suit instituted against Clark; the defendant Plutarco, as being the trustee of his father in the whole premises, is, therefore, necessarily trustee also of the plaintiff Hoffman and the Wilsons, in the undivided half thereof.

The judgment is reversed and the cause remanded, with directions to the Court below to overrule the demurrer to the complaint.

Remittitur to issue forthwith.