F. E. TIMBERLAKE *vs.* ELI CROSBY.

Franklin.   Opinion January 18, 1889.

*Attorney.   Compensation.   Negligence.*

Where an attorney makes twenty writs when only one is necessary, he cannot recover for the writs, nor for term fees in the suits, thus unnecessarily commenced.

ON MOTION, by defendant to set aside the verdict.   The facts appear in the opinion.

*J. C. Holman, P. A. Sawyer,* with him, for plaintiff.

*W. Fred P. Fogg,* for defendant.

WALTON, J.   The plaintiff has obtained a verdict of $107.50, for a balance which he claims is due him for professional services and disbursements.   We are forced to the conclusion that this verdict is clearly wrong and must be set aside.   Lawyers, like other professional men, are required to possess and exercise a reasonable amount of knowledge and skill.   And when a lawyer is employed to assist in the collection of a debt, and, through ignorance of a plain and well settled rule of law, he makes twenty writs when only one is necessary, he can not recover for the writs nor for term fees in the suits thus unnecessarily commenced. To hold otherwise would place ignorance at a premium and knowledge at a discount.

It appears that the plaintiff was employed to make one trustee writ against nineteen joint debtors, and that he made it and delivered it to the creditor, and that the latter caused it to be served on the nineteen defendants and on the Franklin & Megantic railroad company as their trustee; and that several days afterward, without instructions from his client and without seeing him, the plaintiff made nineteen more writs and had them served,—that is, he sued each one of the nineteen joint debtors in a separate action. His excuse for so doing, is that he was not certain that he "could hold their several accounts against the railroad on their joint liability."

This excuse is not satisfactory. It is a familiar rule of law that in a suit against joint debtors the property of each may be attached. And it was decided in *Smith* v. *Cahoon*, 37 Maine, 281, that "in a suit against joint debtors, a person holding goods, effects, or credits, of *either* of them may be held as trustee." The marginal note of this decision, which we have quoted, is copied into the Maine Digest under the title of *"trustee process,"* and the subtitle of *"when the trustee will be charged."* The decision is also cited on the margin of the revised statutes opposite the chapter relating to "trustee process," under the title of *"when charged."* And it seems to us that by a search of ten or fifteen minutes, the plaintiff could have found this decision, and thus removed his uncertainty; and that to remain ignorant, with the means of information so readily accessible, must be regarded as culpable negligence. *Caverly* v. *McOwen*, 123 Mass. 574; *Wilson* v. *Russ*, 20 Maine, 421; 2 Sh. and Red. on Negligence, (4th ed.) §§ 558–9. 2 Greenl. Ev. § 144.

No reason is perceived, and none is suggested why the suit first commenced did not accomplish every purpose desired. We think it did. And we think that the nineteen suits subsequently commenced, and in which the plaintiff has charged his client for writs and term fees $190.00, were not only useless, but worse than useless, for they absorbed over $130.00 of the funds from which the creditor hoped to collect his debt, in the trustee's fees alone. And the plaintiff has charged in his account annexed to the writ, $34.10 for the officer's fees for serving these writs, and he admits that he paid the officer only $10.00, and that the officer accepted that sum in full for his services. A deduction of $24.10 must therefore be made from this item. And we think $190.00 should be deducted from the charges for writs and term fees. These two sums being deducted, the balance of the plaintiff's account, as charged by him, will be only $63.75; and, as he has already been paid $75.00, we think that nothing more can justly be recovered of the defendant.

*Motion sustained.*

PETERS, C. J., DANFORTH, VIRGIN and EMERY, JJ., concurred.