[Sac. No. 572.   Department One.—June 20, 1899.].

### B. F. BERGEN et al., Respondents, · v. EDWARD FRISBIE, Appellant.

CONTRACT—VALIDITY—INFLUENCING PATENTS FROM SECRETARY OF INTERIOR.—A contract by a person having timber-land entries, for the services of an attorney to influence the official action of the secretary of the interior favorably to the issuance of patents upon such entries, without any stipulation for the use of improper means or methods, and to pay for such services a percentage of the value of the timber-lands, contingent upon success, is not void as against good morals or public policy.

ID.—CONTINGENT FEE—SECURING FAVORABLE DECISION.—The contingent character of the fee fixed by the contract does not affect its validity; nor does the fact that the attorneys were retained to secure a favorable decision of the matters pending before the secretary of the interior taint the contract.

ID.—MEANS AND MANNER OF EMPLOYMENT—PRESUMPTION.—The means and manner of the employment are the factors which determine the validity or invalidity of the contract; and in the absence of any showing that the means and methods to be used, or which were used, by the attorneys, were improper, it will be presumed that the contract is valid and enforceable.

APPEAL from a judgment of the Superior Court of Shasta County and from an order denying a new trial. Edward Sweeney, Judge.

The facts are stated in the opinion of the court. ·

Garter, Dozier & Wells, for Appellant.

F. P. Primm, for Respondents.

GAROUTTE, J.—Defendant Frisbie had certain matters pertaining to timber land entries made by him pending before the secretary of the interior at Washington. He had paid two thousand and fifty dollars to the government upon these entries, and was desirous of the issuance of the patents to him for the land. These matters had been long delayed in the land department, whereupon defendant entered into a contract with plaintiffs, whereby he engaged their services as attorneys for the purpose of having the said entries ratified and declared valid; and

if such ratification and confirmation could not be accomplished, then to take action to recover from the government the said sum of two thousand and fifty dollars, paid as aforesaid.

This contract provided: "In consideration of such services the said party of the first part has this day . . . . and in addition, provided said parties of the second part succeed in securing a favorable and final decision in favor of said entries, the said party of the first part will pay the said attorneys ten per cent of the then value of the lands embraced in said entries, and should the said attorneys fail in securing such favorable decision, but in lieu of which they succeed in having the United States refund the said two thousand and fifty dollars to the said party of the first part, then and in that case the said party of the first part agrees to pay the said attorneys five per cent of the amount so recovered." Under this contract plaintiffs wrote various letters to the land department at Washington, urging an early decision of the pending matters, and also retained a firm of attorneys at that place to assist in securing a favorable conclusion of the matters pending. In the course of time patents were issued to defendant, and thereafter plaintiffs brought this action under the contract to recover ten per cent of the value of the land as their compensation. Judgment went for plaintiffs, and defendant has appealed from the judgment and order denying his motion for a new trial.

Defendant declares that: "The contract relied upon by the plaintiffs was for services to be performed by them for the defendant by influencing the official action of public officers of the government favorable to the defendant on matters then pending before such officers for compensation contingent upon success. Such a contract is void as against good morals and public policy, and the performance of the services under such a contract affords no ground of recovery." He attaches much importance to the fact that the fee fixed by the contract for the services to be performed was dependent upon success, namely, issuance of the patents. As tending to indicate the immorality of the contract, the contingent character of the fee works no such result. The contract is good or bad, regardless of that question. (*Hoffman v. Vallejo,* 45 Cal. 564; *Stanton v. Embry,* 93 U. S. 548.)

We have carefully scanned the face of this contract, and find nothing whatever there to justify a judicial declaration that it is against good morals. There was no secrecy, no deception, no fraud, no corruption. It was an ordinary, everyday contract. Thousands of similar import, probably, have been made and executed. The fact that plaintiffs were retained to assist in securing a favorable decision of the matters pending, certainly does not taint the contract. Defendant would hardly engage their services for any other purpose. It is next claimed that the evidence discloses that plaintiffs did nothing under the contract except expedite the decision of the litigation. Even if it should be conceded that their labors were largely directed toward that end, still such labor upon the part of these attorneys is not of itself unprofessional. The means and manner to be employed are the all-important factors in marking the validity or invalidity of the contract. We see no one of its provisions that stamp it void as against public policy and good morals. Neither do we find anything in the evidence indicating any act done by the plaintiffs that to any degree could be construed improper. The employment of persons to influence legislation, or to influence decisions of the land department, or even the decisions of judicial tribunals, in a proper way, is not against sound public policy, and this, too, even though the compensation for the labor to be performed is contingent upon successful results. The means and methods to be used must be improper, or else such employment is perfectly legitimate in the eyes of the law. We do not see how a contract upon its face would be void as against public policy, whereby attorneys were retained by a party litigant to assist in securing a favorable decision from this court upon litigation pending before it—even though the compensation of such attorneys was to be contingent upon success. In the absence of anything showing to the contrary, this court would certainly assume it to be valid and enforceable at law. If such be the rule of law as to contracts pertaining to the judicial action of this court, that law is good enough to be applied upon a contract in a matter pending before the secretary of the interior.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.