[Sac. No. 4046. Department One.—July 12, 1928.]

J. J. KELLY, Respondent, v. M. N. SMITH et al., Defendants; W. W. MIDDLECOFF, Intervener and Appellant.

Feemster & Cleary and Joe E. Greene for Intervener and Appellant.

Chas. N. Scars for Respondent.

CURTIS, J.— Plaintiff instituted this action against the defendant to quiet his title to seven lots in the city of Tulare. Plaintiff held a tax title to said lots and employed intervener, who is an attorney at law, to act as his attorney in the prosecution of this action under a written agreement that "Middlecoff will render the necessary legal services to determine the title to said lands, and in cases where Kelly is declared by judgment or by compromise to be the owner, then said Kelly shall have his money invested back, and the overplus of the land shall be divided equally between them." The original owners of the land, three of the defendants, although regularly served with process, made no appearance in the action, and their default for failure to answer the complaint was duly entered. The Federal Construction Company, also made a defendant, ap-

peared in said action by answer and claimed a lien upon said lots. Upon the issues thus framed a trial was had and resulted in a judgment in favor of the Federal Construction Company and against plaintiff. A new trial, however, was thereafter granted by the trial court and the case was set for trial the second time. In all these proceedings the intervener acted as plaintiff's attorney. When the action came on for trial the second time the intervener appeared ready and willing to proceed with the trial as plaintiff's attorney, but the plaintiff, without just cause, discharged the intervener and employed other counsel to conduct the litigation. Immediately thereafter and with consent of court the intervener filed a complaint in intervention in this action and claimed to be the owner of an undivided one-half of said lots. His complaint in intervention was subsequently dismissed, and immediately thereafter the plaintiff and defendant Federal Construction Company announced in open court that they had agreed upon a compromise of said action, and in pursuance thereof a compromise judgment was, on May 4, 1925, entered in favor of plaintiff, quieting his title to said lots, and that intervener take nothing by his complaint in intervention. Pursuant to said compromise agreement Kelly conveyed to the Federal Construction Company four of said lots. Thereafter, upon the motion of the intervener, a new trial was granted, and the case was again set for trial on September 22, 1926, on which day intervener appeared and filed a supplemental complaint in intervention, setting up the compromise agreement between the plaintiff and defendant Federal Construction Company, in which supplemental complaint he asked to have it decreed that he was the owner of an undivided one-half of the three lots which, it is claimed by the intervener, plaintiff acquired in the compromise agreement with the defendant Federal Construction Company. The trial court denied the intervener any relief and rendered judgment against him for costs, on the ground that plaintiff's title to said lots had not been quieted or his interest therein determined, either by judgment or compromise, at the time of the filing of intervener's supplemental complaint in intervention.

We think the determination of the trial court in holding that the intervener's entry in said action was premature is

correct. By his agreement with the plaintiff he was not entitled to any interest in any of the lots involved in the action until ''Kelly is declared by judgment or by compromise to be the owner,'' and then only after ''Kelly shall have his money invested back, and the overplus of the land shall be divided equally between them.'' Kelly, the plaintiff, received no title to any of the lots by compromise, for the reason that no compromise was made by any person holding the legal title. The compromise was made with the Federal Construction Company, who at best held only a lien against the lots. It could give Kelly no title, and did not purport to. All it did was to relinquish its lien against three of the lots in Kelly's favor. Neither Kelly nor the construction company would become the owner of all or any of the lots as contemplated by the agreement whereby intervener was employed by the plaintiff until the entry of the decree of court quieting plaintiff's title. While such a decree was entered on May 4, 1925, which was before the filing of intervener's supplemental complaint, yet this decree was, at the instigation of the intervener, set aside by the trial court, and at the time of the filing of said supplemental complaint no decree had been entered quieting Kelly's title, which was then in force. As no judgment had been entered which was in force at the time intervener filed his supplemental complaint, Kelly had not up to that time been ''declared by judgment'' to be the owner of any of the lots involved. It is perfectly clear, therefore, that the intervener was, at the time of his attempted intervention in said action, entitled to no relief against any person connected with the action regarding the property in controversy.

■ The court found that the plaintiff was, at the time the intervener filed his original complaint in intervention, and at all times subsequent thereto, insolvent and unable to pay his debts, and a money judgment against him would be worthless and without value. Intervener contends that insolvency is often an important circumstance in prompting a court of equity to grant relief where he would otherwise be relegated to an action of law. Conceding this to be the rule, it can have no weight in determining any question involved in this action. If the intervener has been given any interest in the real property by his agree-

ment of employment he cannot be divested of this interest by a wrongful discharge from said employment. The plaintiff under such circumstances would hold whatever real property he recovered in said action, in so far as the interest of the intervener therein is concerned, in trust for the intervener, and it would not be subject to the claims of plaintiff's general creditors. (*Hoffman* v. *Vallejo*, 45 Cal. 564; *Luco* v. *De Toro*, 91 Cal. 405 [18 Pac. 866, 27 Pac. 1082].) Therefore, the solvency or insolvency of the plaintiff would not affect the right of the intervener in a proper action to recover whatever interest he is given in the lots in question. This proceeding, however, cannot be instituted under the contract between plaintiff and the intervener, at least before plaintiff has become the owner of said lots, and, as we have already shown, he was not such owner at any time when the intervener filed either his original or supplemental complaint herein.

Intervener contends that, having entered the default of the defendants, who were the owners of the legal title to said lots, Kelly, the plaintiff, became entitled to a judgment quieting his title thereto. Unquestionably this is true. It is just as true, we think, that until the judgment had been entered Kelly had not been "declared by judgment" to be the owner of the legal title to said lots.

We think the cases are and should be very rare when an attorney is authorized to intervene in an action instituted by him in behalf of his client for the purpose of settling a dispute between him and his client as to his attorney's fee for services rendered in the same action. They should be limited at least to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of other attorneys to prosecute the action. Usually in cases where the attorney is given a present interest in the subject matter of the action it has been held that the attorney has a contract coupled with an interest, in which case the client would be powerless to discharge him (*Todd* v. *Superior Court of San Francisco*, 181 Cal. 406 [7 A. L. R. 938, 184 Pac. 684]; *Gage* v. *Atwater*, 136 Cal. 170 [68 Pac. 581]). A case like

the present one, however, where the attorney is given no present interest in the subject matter of the suit, but only an interest in the overplus of the land recovered, after the plaintiff has been repaid the money invested by him therein, presents no proper case, at least before recovery of judgment, for the interposition of a complaint in intervention by the attorney against his client. ■ Of course, after recovery of judgment no intervention is permissible, as in all cases it must be made before trial (Code Civ. Proc., sec. 387).

Judgment affirmed.

Preston, J. and Tyler, J., *pro tem.*, concurred.