[Civ. No. 836.   Fourth Appellate District.—February 27, 1933.]

W. W. MIDDLECOFF, Respondent, v. PEARL M. DURNAL, Appellant.

Aldrich & Mack for Appellant.

J. E. Green for Respondent.

BARNARD, P. J.—On November 18, 1922, the plaintiff entered into a written contract with one J. J. Kelly, providing in part as follows:

"Whereas said Kelly has heretofore purchased several pieces of land at tax sales, and desires said Middlecoff to render certain services as an attorney at law to perfect the

title to said lands, now it is agreed that said Middlecoff will render the necessary legal services to determine the title to said lands, and in cases where Kelly is declared by judgment or by compromise to be the owner, then said Kelly shall have his money invested back, and the overplus of the land shall be divided equally between them, . . . ''

On November 27, 1922, the plaintiff herein filed a suit for Kelly, entitled *Kelly* v. *Smith*, seeking to quiet title to a number of lots, including those here in question. Upon a second trial of this action Kelly discharged Middlecoff and secured other counsel. About the same time, and on February 11, 1924, Middlecoff filed a complaint in intervention in the case of *Kelly* v. *Smith*, asking that upon entry of judgment he be declared the owner of an undivided one-half interest in the property. The original holders of title to the property had defaulted and the suit referred to was being defended by a corporation claiming to have a lien thereon. The claim of this corporation was compromised and on April 18, 1925, a deed was executed by the corporation conveying to Kelly the three lots involved in the action now before us. On April 25, 1925, Kelly deeded these three lots to Ione Kelly, his wife. On May 4, 1925, a judgment was entered in the case of *Kelly* v. *Smith*, quieting Kelly's title to these three lots. Thereafter, a new trial as to the interest of Middlecoff, as intervener, was granted, it being later held that his attempt to establish an interest in the property through his complaint in intervention was premature. (*Kelly* v. *Smith*, 204 Cal. 496 [268 Pac. 1057].) In the meantime, on June 18, 1925, Ione Kelly deeded the three lots in question to her sister, Pearl M. Durnal, the real defendant in this action. Final judgment in *Kelly* v. *Smith*, was entered on January 17, 1927, and this action was commenced on March 23, 1927, the plaintiff seeking to establish that the defendants hold the legal title to one-half of this property in trust for him and asking for a partition or sale of the property with a division of the proceeds. After a trial, findings were entered in favor of the plaintiff, and an interlocutory decree was entered providing for a sale of the property, for the repayment to the defendant Durnal of money invested and of certain amounts expended in connection with the property, and for a division of the balance be-

tween her and the plaintiff. From this interlocutory decree the defendant Durnal has appealed.

The first point raised is that the respondent acquired no interest in the lots in question since he had failed to perform his part of the contract and was discharged for cause. While the appellant relies upon certain evidence as supporting this contention, there is ample evidence to the contrary, and the trial court having found in favor of the respondent, that finding is conclusive.

It is further contended that the appellant is an innocent purchaser for value without notice. The court found to the contrary and the evidence sustains the findings in this regard. While the quiet title action was pending, the property was conveyed by Kelly to his wife and by her to her sister. Not only is the evidence as to consideration in each of these transfers somewhat unsatisfactory, but it fully appears that both Mrs. Kelly and Mrs. Durnal had not only constructive notice, through *lis pendens* recorded, but actual notice of the respondent's claims, each having been definitely told of the same prior to their supposed purchase of the property. In any view, no more appears than a conflict in the evidence, and the findings are supported by the evidence.

It is next contended that title passed to the appellant before the respondent became entitled to any interest in the property. The respondent was given a definite interest in the property by his agreement of employment. After doing a large amount of work he was discharged by Kelly. The trial court has found upon ample evidence that he was wrongfully discharged without cause, and that he did everything that he was permitted to do by his employer. The respondent at once took action to establish and protect his interest in the property and shortly thereafter the employer conveyed the property to his wife and almost immediately thereafter she conveyed it to her sister. As we have heretofore pointed out, the appellant had both constructive and actual notice of the respondent's claim and, under the circumstances shown, it must be held not only that the appellant took the property subject to the claim of the respondent, but that this claim was an existing interest which could not be defeated by mere haste in conveying the property before the same could be judicially established. (*Luco* v.

*De Toro,* 91 Cal. 405 [18 Pac. 866, 27 Pac. 1082]; *Kelly* v. *Smith, supra.*)

Some contention is made that a finding that J. J. Kelly was insolvent is not supported by the evidence. This need not be considered, for the reason that any question of such insolvency is immaterial since the respondent has been found, upon sufficient evidence, to be the owner of a certain interest in the property involved and the appellant Durnal took with both actual and constructive notice of such claim and interest.

No errors appearing, the judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.