## KAYSER v. MAUGHAM.

Where one partner having partnership funds in his possession to be used for partnership purposes, without the consent of his copartner invests the same in land, taking the title to himself, the copartner may demand an interest in such realty, corresponding in extent with his interest in the money paid therefor, and this is true regardless of the intent of the purchasing partner.

*Appeal from District Court of Hinsdale County.*

PETITION for rehearing.

Messrs. J. W. MILLS, L. S. DIXON and A. R. BUSHNELL, for appellant.

Mr. CHARLES E. GAST, for appellee.

ON petition for rehearing the following opinion was delivered by

HELM, J. Where one partner, having partnership funds in his possession to be used for partnership pur-

poses, without the consent of his copartner invests the same in land for himself, taking the title in his own name, the copartner may demand an interest in the realty purchased, corresponding in extent with his interest in the money paid therefor. And it is probably true that in such case a court of equity will not hesitate to recognize the resulting trust, even though the partner thus appropriating the trust fund intended to account therefor upon final settlement, and was innocent of any fraudulent purpose. The ordinary principle in equity, relating to the investment of trust funds by the trustee, is held applicable to such cases; and a copartner has the right at his election, when there are no intervening innocent purchasers or incumbrancers, to follow the money and reclaim his proportionate interest in the land.

It is safe to say that the foregoing general rule is now well established; it is wholesome; and we make no issue with counsel concerning its existence. The reasons supporting it are that the trust fund is in the hands of the trustee or partner for certain specific purposes; and when he uses it without the consent of the *cestui que trust* or copartner in the purchase of realty for himself, he is guilty of a breach of trust; there is a diversion of the trust fund to a purpose not contemplated by the conditions of the trust; and so watchful is a court of equity over the acts of trustees, and so jealous is it of the interests of beneficiaries, that it often pronounces such appropriations wrongful, regardless of intent. It says to the trustee or partner:

Your motive may be pure; you may fully intend to return the money used, with a gratifying addition thereto by way of interest or otherwise; or it may be your purpose to charge yourself in a final settlement with the full amount appropriated, regardless of the outcome of the investment; but you had no right to divert the money from the fund to which it belonged and the purpose for which it was placed in your hands; in so doing you were

disloyal to the obligations imposed by virtue of the trust position you occupy. This being true, the person upon whom you have inflicted the wrong may elect whether he will receive repayment of the money, or whether he will follow it into the property bought and held by you.

But in our judgment this doctrine or rule does not cover the case at bar, and its application thereto would be unwarranted; the circumstances above mentioned do not here exist. Maugham did not thus wrongfully divert partnership moneys in his hands. He did not take $1,500 from the partnership treasury, and, adding $18,500 of his own, purchase the property; neither can it be said that he accomplished this result by indirection. The $1,500 had been used by the partnership for a partnership purpose; it had been invested in good faith, with the consent of plaintiff, for the attainment of a collateral object, directly in the line of the partnership business or adventure; it secured from the owner of the property the extension of time for which it was paid; and, in accordance with the terms of its payment, this extension having expired, it had practically become forfeited and entirely lost to the firm; the firm itself virtually passing out of existence by reason of the failure of the partnership adventure. How can it be said that Maugham, when he bought under these circumstances, diverted the money from legitimate partnership uses. Instead of wrongfully diverting partnership moneys, under the view adopted by us he redeemed and saved to himself and copartner that which had previously been expended by the partnership and forfeited. It must be borne in mind that we have heretofore declared Maugham's conduct throughout the entire transaction, so far as the record shows, void of any appearances of actual bad faith; and the question before us is, was he, through his purchase of the mine, guilty of such a *constructive fraud* as in and of itself produced a constructive or resulting trust?

It is apparent from the foregoing that the reasons for

applying the doctrine of resulting trusts to the investment by a partner, for his private advantage, of partnership funds do not exist in this case; and the reasons for the rule failing, the learned counsel who urges this rehearing with such skill will be among the first to say ·that the rule itself should not be applied.

It might perhaps be truthfully said that Kayser's conduct, after learning of the purchase by Maugham, was such as to estop him from now claiming an interest in the mine, had he possessed the right in the first instance. Aside from the question of laches in bringing this suit, which question was considered in the opinion heretofore filed, a court of equity might perhaps construe his language and acts into an *election* not to claim any interest in the mine.   But we prefer now, as before, to rest our conclusions upon other, and in our judgment stronger, grounds.   The rehearing is denied.

*Rehearing denied.*