[No. 5232.]
[No. 2853 C. A.]

PAYNE v. MARTIN.

1. **Partnership—Accounting—Pleading—Matters Outside of Firm Business—Evidence.**

Where, in an action for a partnership accounting, the pleadings related solely to obtaining such accounting, a note made

to the defendant by plaintiff and his wife ·previous to the partnership formation, and in no way relating to partnership matters, is not an issue in the case, and any evidence in relation thereto was improperly admitted.—P. 267.

2. Partnership—Accounting—Real Estate Obtained with Partnership Funds.

Where a partner exchanged firm property for land and took the latter in his own name and refused to transfer· any part to his partner, the land belongs to the firm, and the former will be deemed to hold the same in trust for the use and benefit of the partnership.—P. 268.

3. Partnership—Accounting—Use of Private Funds.

Where, in an action for a partnership accounting, it appeared from the evidence that one of the partners had used partnership funds and had contributed private funds for the use of the firm, the account between such partner and the firm should have been determined and a finding made as to whether or not a balance existed in favor of one or the other, and, until this was done the accounting was not complete.—P. 268.

4. Partnership—Accounting—Judgment—Vacating—Necessity of Notice.

In an action for a partnership accounting, a report of an expense account incurred in the collection of firm indebtedness was submitted by defendant and rejected by the court, and judgment rendered without considering such items. After adjournment, and in the absence of plaintiff and his attorney and without notice to either, the report was again submitted, and was allowed, and the former judgment was erased from the docket and a new judgment entered therein embracing the matters included in such report. Held, that plaintiff was entitled to have the latter judgment set aside upon a showing that he had received no notice of defendant's intention to have the former judgment modified.—P. 269.

*Appeal from the District Court of Prowers County. Hon. Jesse G. Northcutt, Judge.*

Action by J. A. Payne against W. E. Martin. From a judgment for defendant, plaintiff appeals. *Reversed, and remanded for a new trial.*

Mr. J. C. HORN, for appellant.

No appearance for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an action brought by appellant against appellee in the county court of Prowers county, for an accounting of a partnership business, wherein appellant recovered judgment. Appellee then took the matter to the district court of that county, and, upon the trial there, it was found that appellant was indebted to appellee, and judgment was rendered accordingly. The matter was then taken by appeal to the court of appeals.

There are at least three reasons which compel us to reverse this judgment:

First. It appears that previous to the formation of the partnership, appellant and his wife had executed and delivered to appellee their promissory note for the sum of $150.00. This transaction had nothing to do with the partnership business but was one that occurred some time previous to the organization of the firm. In considering the liabilities of appellant to the firm or to appellee this note was charged to the appellant.

While it is probably true that, in an action for the dissolution of the partnership and an accounting of the partnership business under proper pleadings, the amount due upon the note might have been used as an offset or counter-claim by the holder thereof against his co-partner, yet, in this case, in the pleadings, there is no allegation of the making or execution of this note, and any liability on account of it was not an issue in the case. The pleadings were solely for the purpose of obtaining an accounting of the partnership business. That being true, evidence of any indebtedness existing in favor of either of the parties and against the other, which was not connected with the partnership business and which was

not pleaded, was improperly admitted and erroneously considered in the accounting.

Second. The learned judge who tried this case, in his findings, found that the appellant was at the time of the dissolution indebted to the firm for money and property theretofore received, with which he was properly chargeable, in the sum of $228.69. The findings are absolutely silent as to the defendant having withdrawn from the firm any money or property, while the evidence shows conclusively that the defendant withdrew from the firm a considerable amount of property; for instance, it is shown by the evidence, and not denied, that he sold four buggies, one wagon, plow, harrow and other farm property, and failed to account to the firm for the proceeds. It is also shown by the testimony, and not denied, that the defendant exchanged a buggy belonging to the firm for an acre and a half of land, and that this land was worth about $300.00. Defendant took the deed to the land in his own name, but refused to transfer any part of the land to the plaintiff. If this testimony is true, and it not having been contradicted we must believe that it is, the land belonged to the firm and was simply held in trust by the defendant for the use and benefit of the partnership. —*Keyser v. Maugham,* 8 Colo. 339; *Hodgson v. Fowler,* 24 Colo. 278; 17 Am. & Eng. Enc. Law (1st ed.) 1232.

.The items which we have mentioned here are not the only instances in which it appears that money or property belonging to the firm was withdrawn by defendant for his personal use. There is also some testimony that he contributed from his private funds for the use and benefit of the partnership. Therefore, the accounting made by the trial court was not complete. The account existing between defendant and the firm should have been determined, and a

finding made as to whether or not a balance existed in favor of one or the other.

Third. It appears that this matter came on for final hearing in the afternoon of the 19th of April, 1902; that defendant submitted at that time a report of the expense which he had incurred in the collection of certain of the accounts and notes due the firm. Upon the motion of plaintiff, this report was stricken from the files and judgment was rendered without considering the matters contained in the report. The court then adjourned at about four o'clock in the afternoon. After the adjournment of the court and some time during the evening of that day, in the absence of plaintiff and plaintiff's counsel, and without either having received any notice of it, the report showing these expenses was again submitted to the court and was allowed and credited in favor of defendant, and a new judgment was rendered which included the matters embraced in the report.

It also appears, and is not denied, that the judgment which the court had directed to be entered during the afternoon was erased from the judgment docket without having been formally set aside; that is, the judgment rendered at night was substituted for the one rendered in the afternoon, without any order setting aside the former judgment, and without any notice to the plaintiff or his counsel. Of course, it is needless to say that this was all wrong. The plaintiff was entitled to receive notice of any alteration which the court desired to make in its findings.

Plaintiff then appeared before the court and filed a motion to set aside this judgment, and for a new trial. In support of the motion, affidavits were filed, showing the transaction last mentioned. No counter-affidavits were filed and the court refused to set aside the judgment. This was erroneous.

When it appeared to the court by the affidavits that no notice had been served upon plaintiff of the intention to apply to the court for a modification of the judgment, the judgment rendered at night should have been promptly set aside.

For the foregoing reasons, the judgment of the district court must be reversed and the cause remanded for a new trial. *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.