No. 9341.

YOUNG v. HINDS ET AL.

TRUSTS—*Resulting Trust.* Walker, an agent of plaintiffs, lent considerable sums of money for their account secured by trust deed of lands. He afterwards obtained possession of the notes, foreclosed the mortgage, caused the lands to be conveyed to one Schaffer, caused Schaffer to execute his deed of trust of the lands for securing a note of $7,000 payable to Walker, caused Schaffer then to convey the lands to another, subject to deed of trust for $7,000, and caused a deed of trust of the same lands to be executed by the one holding the title, for securing a note of $3,000 to the defendant. All these transactions were without the knowledge of plaintiffs. *Held* that the plaintiffs having provided the funds which secured the lands, a trust resulted in their favor superior to the claims of plaintiffs, and a conveyance to them ordered.

*Error to Denver District Court, Hon. John I. Mullins,*
*Judge.*

Mr. EDWARD D. UPHAM and Mr. W. E. RICHARDS, for plaintiff in error.

Messrs. DOUD & FOWLER, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THIS case was submitted to the trial court upon an agreed statement of fact, with separate prayers for relief by the opposing parties. It appears that one R. J. Walker had been for some years the common loan agent for Alona A. Hinds, Elizabeth D. Milliken and Lucie S. Young. It was his custom in the matter of such agency to loan moneys of each of such persons on real estate security. The promissory notes in each case were sent to the separate owners, while Walker retained possession of the securities.

In February, 1910, The Colorado Fruit and Garden Company executed and delivered to Walker as payee two promissory notes in the sums of $2,500.00 and $1,750.00 respectively. These notes were secured by a trust deed covering the north ½ of the North West ¼ of Section 31 in Town-

ship Two (2) South of Range 68 West, excepting therefrom an irregular tract containing about ten acres. The trust deed ran to Edward R. Locke as trustee. Afterward the $2,500.00 note was assigned by Walker without recourse, to Mrs. Hinds, and the $1,750.00 note was likewise assigned to Mrs. Milliken, and the notes were mailed to the several parties. These notes represented moneys of the parties which Walker held for investment for them.

In April, 1912, Walker wrote to these clients, requesting the return of the notes, stating that the matter of collecting the interest was giving him some trouble, and that he wanted to do something with them. The notes were delivered to him as requested.

In May of the same year Walker brought suit to foreclose the trust deed. The property was sold under decree of court for the aggregate amount due on the two notes and costs of the suit, and the notes cancelled in judgment. The sale was made to Locke at the suggestion of Walker. Walker caused Locke to assign to one Louis B. Schaffer the certificate of purchase, and sheriff's deed issued to Schaffer on January 27, 1914. Neither Walker, Locke nor Schaffer had any personal interest in the notes, and these were the sole consideration of the sale, under the judgment of foreclosure. Schaffer then gave to Walker a note for $7,000.00 which he purported to secure by a trust deed on the premises. This note was found unendorsed among Walker's papers after his death.

On the second day of February, 1914, Schaffer, at Walker's direction conveyed the premises by warranty deed to Locke subject to the trust deed. Neither Schaffer, Locke nor Walker had any actual interest in the premises and no consideration passed. Schaffer and Locke appear to have been mere dummies in the transaction. Neither Mrs. Hinds nor Mrs. Milliken had any knowledge of these proceedings.

Walker's other client, Mrs. Young, held a note of one Ratekin, secured by a mortgage on other lands, in the sum of $1,500.00, and also a note in the same amount by one

Killiam, likewise secured by mortgage.   Walker wrote Mrs. Young requesting the return of these two notes for the purpose of taking them up and reinvesting them.   The notes were sent to him as requested.   Walker then had one Robert M. Roop execute a note to Mrs. Young in the sum of $3,000.00, being the amount of the two notes which Mrs. Young had returned to Walker for reinvestment, and purporting to be secured by trust deed upon the same tract of land as covered by the trust deed given by Schaffer, being the premises involved in this suit.   The record does not disclose what became of the securities of Mrs. Young as for the Ratekin and Killiam notes.   On February 16, 1914, Walker wrote to Mrs. Young enclosing the $3,000.00 Roop note saying that "it was secured on valuable land close to Denver."

Walker, Locke and Mrs. Young died prior to the institution of this suit, and Robert T. Young appears as the administrator of the estate of Mrs. Young.   Neither Walker nor Roop had any interest in the notes which Mrs. Young returned to Walker for the purpose of reinvestment.   Walker seems to have been no respecter of persons in his attempt to defraud all these clients alike.

It is the contention of Mrs. Hinds and Mrs. Milliken that there was a resulting trust in the land in question at the time of the foreclosure and sale, and that the subsequent acts at the direction of Walker in so far as they affected their interests were without notice or authority and are void.   The administrator of the estate of Mrs. Young contends that there was an equitable assignment by Walker of the $7,000.00 Schaffer note to Mrs. Young and that she for such reason acquired a superior lien on the premises involved.   If the contention of the defendants in error can be sustained, then the question of equitable assignment is not material and need not be considered.

The court found and decreed that the defendants in error, plaintiffs below, are the joint owners of the premises in fee simple in proportion to their several interests and ordered the cancellation of the Schaffer trust deed given as

alleged security for the $7,000.00 note, and directed that the defendants, Martha W. Locke as sole heir of Edgar Locke, deceased, and as administratrix of the Walker estate execute and deliver to plaintiffs a deed for the premises in proportion to their several interests, and to likewise execute a release of the Schaffer mortgage. This judgment is before us for review.

It is clear that the plaintiffs furnished the sole and only consideration for the purchase of the premises at sheriff's sale; that Walker acted only as their agent; and that plaintiffs were at the time clearly entitled to the sheriff's deed. It is elemental that where one person takes a conveyance in the name of himself or a third person, the consideration for which is furnished by another, that a resulting trust arises in favor of the one furnishing the consideration. In this case the plaintiffs owned the mortgage debt which furnished the sole consideration for the sale under foreclosure. If Walker had any authority to institute the foreclosure and procure the sale, it was only as the agent of the plaintiffs and for their use and benefit. The principle stated has been expressed in a long line of decisions by this court. It was said in *Lipscomb v. Nichols*, 6 Colo. 290, that the "rule is well settled that when land is purchased for which one party pays the consideration, and another party takes the title, a resulting trust immediately arises in favor of the party paying the consideration."

In *Walker v. Bruce*, 44 Colo. 109, it was said: "It has been frequently stated that resulting trusts, or those created by operation of law, are, first, when an estate is purchased in the name of one person, but the money or consideration is given by another; second, where a trust is declared only as to part, and nothing is said as to the rest; and, third, in certain cases of fraud where transactions have been carried on *mala fide*." The facts of this case bring it clearly within the rule. See also *Cree v. Lewis*, 49 Colo. 186; *Leroy v. Norton*, Ibid, 490; *Payne v. Martin*, 39 Colo. 265; *Doll v. Gifford*, 13 Colo. App. 67; *Warren v. Adams*, 19 Colo. 515; *McPherrin v. Fair*, 57 Colo. 337.

The question of innocent purchaser for value does not arise in this case. The relationship of Mrs. Young and Walker was that of principal and agent. Walker acted as her exclusive agent in the premises and his knowledge of the facts must be attributed to his principal.

The judgment is affirmed.

*En banc.*

Denison, J., dissents. Teller, J., not participating.