## No. 10,062.

## VOSBURG v. KNIGHT, ET AL.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Action for the cancellation of a deed.   Decree establishing the rights of the parties in the property.

### *Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Fact findings by the trial court which are based on conflicting evidence, will not be disturbed on review.

2. TRUSTS—*Constructive.* Parents—just before the father's death—conveyed to their daughters all their property. In an action between the daughters concerning the estate, in which the mother intervened asking that a trust be declared in her favor, it is held: That it would require strong evidence to prove that the father and mother denuded themselves of all their property by deed to their daughters without an understanding of some kind, e. g., that they were to be supported out of the income; and in view of the confidential relations between the parties, that must be said to be sufficient to create a constructive trust.

3. APPEAL AND ERROR—*Real Estate—Conveyance.* Where one conveyed property to her sister's children by deed and thereafter sought its cancellation, she was in no position to object to a decree which gave her and her sister a life estate in the property, with remainder to their surviving children, she having parted with her title by deed which the court declined to cancel.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. PONSFORD, CARNINE & KAVANAUGH, Mr. JOSEPH D. PENDER, for plaintiff in error.

Mr. WILBUR F. DENIOUS, Mr. CHARLES F. MORRIS, Mr. JOHN W. SLEEPER, Mr. EDWARD RING, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

FLORENCE J. VOSBURGH was the plaintiff below and brings the case here on error,. complaining of the decree whereby the court charged upon her and her sister, the defendant Grace B. Knight, a trust on certain property and directed how the title thereof should go.

The essential facts are as follows: The defendant in error, Mary K. T. Burnham, is the widow of the late Dr. Norman G. Burnham of Denver. The plaintiff and Grace B. Knight are their daughters, and the defendants in error, Genevieve K. Smith and W. Burnham Knight are the children of Grace B. Knight. The plaintiff has no children.

Dr. and Mrs. Burnham, in his lifetime, gave to each of their said daughters a dwelling-house which does not concern us now, but not long before his death they conveyed to their daughters all their property, amounting, perhaps, to $100,000 in value.

February 19, 1920, sometime after Dr. Burnham's death, Mrs. Knight and Mrs. Burnham came with a notary to Mrs. Vosburgh's house, bringing a deed which they persuaded her to sign with Mrs. Knight. By this deed the plaintiff and Mrs. Knight purported to convey to Mrs. Knight's children all the said property except the two dwellings above named, reserving, however, to each of the grantors an estate in an undivided half thereof for her life.

Repenting of her act, Mrs. Vosburgh that night consulted an attorney, and shortly after brought suit to set aside this deed, alleging undue influence by reason of her sister's dominating character and her own weakness from illness and consequent mental incapacity. The defendants allege that the purpose of the original conveyance to the sisters was that they should take care of their parents during their lives, retain life estates for themselves, with remainder to their children and that the deed sought to be set aside was made in pursuance of that understanding.

Mrs. Burnham intervened alleging that up to the begin-

ning of the suit the sisters had supported her out of a joint bank account which was made up of the proceeds of the rents from the property conveyed to them, but that since this suit the plaintiff refused to sign checks thereon, and she, the intervener, was thus without support, and, by an amendment, she prayed that a trust be declared in her favor, with the plaintiff and Mrs. Knight as trustees, to maintain the property, collect the income, maintain the intervener out of the net income, using the corpus of the estate, if necessary, for that purpose.

The decree is in accordance with this prayer. It adds, however, a provision in accordance with the answer that a life estate in said property, subject to said trust, is vested in the plaintiff and the defendant Mrs. Knight, remainder to the child or children of their bodies them surviving.

Plaintiff in error argues a number of points all of which we have examined with care, but find it necessary to mention only two: First, that the evidence does not support the finding; second, that the court has established a trust upon oral testimony only.

As to the first proposition it is enough to say that the evidence was conflicting. As to the second we think the court was right. It would require strong evidence to prove that Dr. Burnham and his wife denuded themselves of all their property by deed to their daughters without an understanding of some kind, e. g., that they were to be supported out of the income; and, in view of the confidential relations between the parties, that must be said to be sufficient to create a constructive trust. *Bohm v. Bohm,* 9 Colo. 100, 10 Pac. 790. It follows that the trust was rightly established by the court so far as the life estates are concerned. As to the remainder to the grandchildren, the plaintiff is in no position to object, for she has parted with her title thereto by deed which the court has declined to cancel; but the life estates and the remainder constitute the whole estate; therefore the validity of the trust cannot be denied.

The judgment is affirmed.

Mr. Justice Teller sitting as Chief Justice.

Mr. Chief Justice Scott, Mr. Justice Campbell and Mr. Justice Whitford not participating.