## No. 10,704.

## HERRICK v. WOODROW-SHINDLER CO., ET AL.

Decided May 5, 1924.

Action to quiet title.   Judgment for defendants.

### *Affirmed.*

1. PLEADING—*Waiver.*   Error, if any, committed by the trial court in overruling motions to a defense based on uncertainty, ambiguity, indefiniteness or other insufficiency in form, is waived by the filing of a replication.

2. RES JUDICATA—*Not Established.*   In a suit to quiet title, the defense of res judicata and plaintiff's similar plea in his replication as to the ownership of the property, held not established.

3. ATTORNEY AND CLIENT—*Knowledge of Attorney.*   Plaintiff herein, defendant in a former action involving the same subject matter, held charged with knowledge which his attorney had concerning the claims of his codefendant in the former suit.

4. ESTOPPEL—*Fraud.*   Where one brother permitted another to hold himself out as the owner of real property during the time valuable improvements were being constructed thereon, he was thereafter estopped to claim title as against attaching creditors from whom material was bought that went into the improvements.

5. FRAUDULENT CONVEYANCES—*Insolvency.*   Where the object of a suit is to subject the property of the equitable owner to a judgment against him, it is not necessary to allege or prove his insolvency at the time of the conveyance.

6. TRUSTS—*Resulting Trust.*   Where one purchased and paid for property and caused his brother's name to be inserted in the deed as grantee, it is held that there was a resulting trust in favor of the purchaser, whose interest could be subjected to the payment of a judgment against him.

*Error to the District Court of Cheyenne County, Hon. Arthur Cornforth, Judge.*

Messrs. IRWIN & FRIEND, for plaintiff in error.

Mr. V. H. JOHNSON, Messrs. BENEDICT & PHELPS, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff in error, Bert Herrick, as plaintiff below, claiming to be the owner, brought this action to quiet his title to town lots in the town of Cheyenne Wells. He named as defendants G. L. Herrick, the Woodrow-Shindler Company and the sheriff of the county. The company filed an answer denying the plaintiff's title and asserted its superior right to subject the property to its judgment against its codefendant G. L. Herrick, the equitable owner of the property. The sheriff of the county was made a defendant because he had made a levy, of an execution under defendant's judgment and threatened a sale. Whether before or after the suit was brought is neither certain nor important, but G. L. Herrick was declared a bankrupt under the United States bankruptcy laws and his trustee in bankruptcy, Sauve, filed his petition of intervention asserting that the rights of the bankrupt estate were superior to those of all the other parties to the suit, but, if not so as to all of them, that the rights of the estate are inferior only to the rights of the judgment creditor. Aside from general denials the answers to the complaint of the principal defendant, the Woodrow-Shindler Company, and of the trustee, are substantially the same. They are: (1) A plea of res adjudicata in a former action between the same parties that plaintiff Bert Herrick was not, but that his brother, G. L. Herrick, was the real owner of the property, though the legal title was in Bert Herrick for the use and benefit of his brother; (2) that G. L. Herrick, and not the plaintiff, purchased this property from one Nelson, paid the entire consideration therefor and caused

title to be conveyed to his brother Bert Herrick, the plaintiff, in trust for his sole use and benefit; (3) that the plaintiff Bert Herrick is estopped in equity to assert ownership.

The plaintiff attacked these defenses of the answer by a motion to strike and otherwise questioning their sufficiency. The motions were denied, and the plaintiff by replication put the same in issue. In the replication were two special affirmative defenses; the first of which was that, in the previous mechanic's lien suit, which was pleaded as res adjudicata by the defendant and intervener, the only judgment rendered was a money judgment against G. L. Herrick and that no trial thereon was had concerning the title or interest of plaintiff in the property. The other affirmative plea is that all three of the separate defenses of the answer had been adjudged adversely to the defendants because of the failure of the defendant Woodrow-Shindler Company, plaintiff in the mechanic's lien action, to obtain a personal judgment against this plaintiff. The cause was tried to the court without a jury upon the issues stated. The findings were all against the plaintiff and in favor of the defendants. As between the defendant company and the trustee in bankruptcy, the findings were that the rights of defendant company are superior to the right of the trustee (which the trustee does not now complain of), and that the trustee, subject only to the superior rights of the defendant, has a prior lien in the property as against the plaintiff.

A careful examination of this record convinces us that the findings of fact were abundantly sustained and that the decree should be affirmed. Not only is the evidence legally sufficient to sustain the findings, but it is no exaggeration to say that it is overwhelming that the plaintiff, Bert Herrick, and the defendant G. L. Herrick, who suffered default and did not appear in the action, deliberately and intentionally intended to, and did, defraud the defendant Woodrow-Shindler Company. The decree below, therefore, which deprived them of the fruits of their

wrongful conduct, should not be set aside unless the trial court in some of its rulings committed prejudicial error. We shall not follow in detail the ingenious argument of counsel for plaintiff in error, nor question the many authorities cited by them.   When applied to some other and appropriate facts, but which are not in the present record, they may be sound.   Most of the argument of counsel has no bearing whatever upon the vital questions in this case. It is entirely irrelevant.

1.   It is said that the defense of equitable estoppel is not well pleaded.   With that we cannot agree.   If in any respect this defense is uncertain or ambiguous or indefinite or otherwise insufficient in form, though not in substance, the court, on proper request, might have required an amendment that would have obviated these blemishes, and if the motions that were interposed and overruled had this object in view, the plaintiff by filing his replication waived error, if any, in the overruling order.   This plea was not challenged by demurrer upon the ground that it failed to state facts sufficient to constitute a defense, but if there had been such a demurrer, the court should have overruled it for it contains all the essential allegations to constitute an equitable estoppel.

2.   The defendants' specific defense of res adjudicata, and the plaintiff's similar plea in the replication, refer to the same judgment.   It was rendered in a mechanic's lien suit which was brought by the Woodrow-Shindler Company, the defendant in this action, against G. L. Herrick and Bert Herrick.   Its object was to obtain a personal judgment against G. L. Herrick, for lumber and other material furnished by the plaintiff to him, and which went into the construction of a hotel building upon these lots, and to have it established as a lien, to be foreclosed, upon the property on the ground that G. L. Herrick was the real owner.   Bert Herrick was made a party defendant because the legal record title to the property was in his name.   The findings and decree and the bill of exceptions in the mechanic's lien case were introduced in evidence

upon the trial of this action. Therefrom it appears that the court specifically found that the property in question, though standing in the name of Bert Herrick on the county records, was held by him for the use and benefit of his brother G. L. Herrick, the real owner thereof. The lien was not established because the action was not brought within the time prescribed by the statute. A personal judgment was rendered against G. L. Herrick for the sum of over $4,000, the amount of his indebtedness to the plaintiff in that action. The defendant G. L. Herrick had filed a counterclaim against the plaintiff there for damages resulting to him for failure of the company to comply with its contract to furnish materials. This judgment or decree is the one which the defendant and the intervener plead as res adjudicata that the property belongs to G. L. Herrick and not to Bert Herrick, the plaintiff in this action, and the one likewise pleaded in the plaintiff's replication. The plaintiff contends that, even though the finding of fact by the court was that the property belonged to G. L. Herrick, there was only a money judgment awarded to the Woodrow-Shindler Company against G. L. Herrick, and no judgment or decree as to the ownership of the property which was sought to be affected by the mechanic's lien. We do not know, and it would be idle to speculate, why the district court determined ownership, unless it was thought to be an essential finding upon which the money judgment could rest. It may be that the court was of the opinion that the money judgment against G. L. Herrick was proper because the lots in question, though standing in the records in the name of Bert Herrick, had been increased in value by the building for which the Woodrow-Shindler Company furnished the material, and to that extent the lots in equity should be charged with, and subjected to, the payment of the judgment awarded against G. L. Herrick, the real owner, who bought the material. However, our affirmance of this judgment is not based upon this plea of res adjudicata, and for our present purpose, because of some ambiguity as to what

the trial court really intended to include as a part of its judgment, we shall proceed upon the assumption that the pleas of res adjudicata interposed by the defendant and the intervener have not been sustained.

It is pertinent in this connection to refer to what the plaintiff calls one of his affirmative defenses in the replication that this same decree in the mechanic's lien suit is res adjudicata that the property in law and equity belongs to Bert Herrick because of a failure of the court in its decree to render a personal judgment against him. We observe that it is somewhat inconsistent for the plaintiff to urge that the absence of a money judgment against Bert Herrick, which was not asked, is res adjudicata that he was the owner of the property sought to be affected by a mechanic's lien, which he says was not established, and in the next breath to say that a specific finding by the trial court, included in the same judgment that the property in question belonged, not to Bert Herrick, but to his brother G. L. Herrick, has no force or effect. It seems to us if the plaintiff's argument is sound that the absence from the decree in the mechanic's lien suit of a provision that the property belonged to G. L. Herrick renders it, not res adjudicata of that question, then the absence from the same decree of a money judgment against Bert Herrick would, upon the same reasoning, leave the question of ownership undetermined. But this inconsistency, if any, is immaterial. We hold that neither of these pleas of res adjudicata either in the answers or in the replication, is established, and proceed to consider the other two defenses of the answer, which were established by the evidence and are conclusive against the right of plaintiff to recover.

3. The evidence was responsive to both defenses and, without determining what particular part of the evidence is appropriate to one or to the other, we content ourselves by saying that all of it was responsive to and established pleas of equitable estoppel and resulting trust. The facts of this case, as found by the trial judge, who tried the mechanic's lien suit as well, are that at the time that G. L.

Herrick, one of the defendants here, who, though served, interposed no defense, was in the open and exclusive possession of these lots, he made a contract for the erection of a hotel building upon them. He ordered lumber and other material of the Woodrow-Shindler Company. When this company began to furnish material the deed to Bert Herrick to this property was not on record, and was not put on record until seven months thereafter, although it was recorded before the written instrument, which evidenced the contract between the materialmen and G. L. Herrick, was executed. All of this time from the beginning of the construction of the building, the plaintiff here, Bert Herrick, knew that his brother was in possession of the property and claimed ownership thereof and that it was so represented to the public. He never made known his claim of ownership or of any interest in the property until after it became apparent in the mechanic's lien suit that the materialmen were striving to impress their mechanic's lien upon, and have it satisfied out of, this property. In the mechanic's lien suit Bert Herrick filed a demurrer and, for failure to answer within the time, suffered default. No money judgment was entered against him. He was represented by the same counsel who appeared for his brother G. L. Herrick. In that action G. L. Herrick claimed and asserted ownership of the property and so testified, and the plaintiff Bert Herrick must have been aware of the fact, and was charged with knowledge thereof which his attorneys had. In the present action Bert Herrick claims ownership, G. L. Herrick suffers default, and says nothing about his ownership. The testimony is clear, and the court so found that when deed for this property from one Nelson was made, the name of Bert Herrick was inserted as the grantee, but that the entire consideration therefor was paid by G. L. Herrick and that Bert Herrick had not the financial means to make the payment which was made upon the property.

There may have been some conflict in the testimony before the trial court as to some matters, but as to every

essential fact requisite to establish a resulting trust and an equitable estoppel, each of which was separately pleaded by defendant and the intervener, the evidence is amply sufficient. The trial court emphatically characterized the transaction as a flagrant fraud and an evident attempt on the part of these brothers to defraud the defendant in this case and other persons from whom material was bought that went into the hotel building, and we are not disposed to, question such declaration. The plaintiff in this case permitted his brother to hold himself out to be the owner. The findings of fact were abundantly sustained by the evidence in the case. This is not an action to set aside a conveyance on the ground of fraud. The object of these defenses in the answers is to subject this property to the payment of the debt of the real owner. The action proceeds upon the theory that the conveyance to Bert Herrick is legal as a conveyance of a naked legal title, but there was a resulting trust in the property in favor of G. L. Herrick. Had the action been to set aside the conveyance, it might be that it would be necessary to allege and prove insolvency of the equitable owner at the time the legal title was taken in the name of another; but the object here, as stated, is to subject the property of the equitable owner to a judgment against him, and it is not necessary to allege or prove his insolvency at the time of the conveyance. The doctrine of *Walker v. Bruce*, 44 Colo. 109, 97 Pac. 250, makes the transaction between these brothers a resulting trust in favor of G. L. Herrick, whose interests can be subjected to the judgment of the defendant. See also, *Kilham, et al. v. Western Bank & Safe Dep. Co.*, 30 Colo. 365, 373, *et seq.*, 70 Pac. 409; *Burke v. Tewksbury*, 3 Neb. (Unof.) 739, 92 N. W. 726. The sheriff levied the execution upon this property and issued a certificate of sale. The decree below, which was against the plaintiff and in favor of the defendants, in order to clear their record title, ordered the plaintiff Bert Herrick to make proper conveyance of the property, and, in case of his failure to do so,

directed the clerk of the court as commissioner to make the proper conveyance.

This decree is right and is affirmed in its entirety.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.