No..12,346.

O'Byrne et al v. McNeill.

(7 P. [2d] 956)

Decided February 1, 1932.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiffs in error.

Mr. LeROY J. WILLIAMS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

JOHN McNeill sued his former attorney, Con K. O'Byrne, to procure a decree of court establishing that the defendant O'Byrne is holding certain mining property under a certificate of sale from the sheriff, in trust for the benefit of plaintiff and defendant. We refer to McNeill as plaintiff, to O'Byrne as defendant, and omit unnecessary references to the sheriff of Gilpin county, impleaded with O'Byrne. Upon trial to the court the findings in the large were for plaintiff; the court decreed that defendant is a trustee for the plaintiff as to a fractional interest in the certificate of purchase held by defendant; that defendant is the owner of a smaller fractional interest in such certificate; that defendant be required to assign the difference to plaintiff, and that if he fail to assign, the sheriff is commanded to issue a deed to the parties in accordance with their respective interests. Defendant brings error and plaintiff assigns cross-error.

The following are the contentions of plaintiff: He had a claim for a lien against a group of mining claims called ''Fifty Gold Mines,'' situate in Gilpin county, Colorado (see *Kingdom of Gilpin Mines, Inc. v. McNeill*, 88 Colo. 44, 291 Pac. 1036), and at the same time the defendant had a claim for a lien against the same property. At that time neither claim had been reduced to judgment. Plaintiff employed defendant as his attorney in said matter, and plaintiff agreed to assist and did assist defendant in the prosecution of the latter's claim, by furnishing documents, information and in other active ways. The

parties further mutually agreed that no matter which of their claims was first established as a lien against the property, they would share in the proceeds thereof in proportion to their respective interests, and that neither claim would have priority over the other. The defendant attorney obtained his judgment first, made it a lien against the property, procured a sheriff's sale thereof, and obtained the sheriff's certificate of purchase. Defendant stated joint deeds would be issued, but plaintiff was absent on the day of the sale and defendant had the certificate issued in his own name. Plaintiff relied upon defendant's promises, but defendant repudiated his agreement, refuses to perform it, and claims that the only interest plaintiff has is to redeem from the sheriff's sale and thereby discharge defendant's claim. The defendant admits that he holds the sheriff's certificate of purchase, but claims it as his own, and denies the agreement as alleged by plaintiff. The court, in computing the respective shares of the parties, allowed defendant a one-third interest in plaintiff's claim against the property, in remuneration for legal services, and plaintiff assigns cross-error by reason thereof.

Counsel for defendant correctly said in a comprehensive brief which they filed, that the questions are largely of fact. Their assignment of error, as reduced and argued in their briefs, may be further condensed into two propositions: (1) The contract alleged to have been made between plaintiff and defendant is for an interest in lands, and is therefore void under the statute of frauds; (2) insufficiency of the evidence.

■■ 1. The confidential relations between the parties were sufficient to create a constructive trust. *Vosburg v. Knight,* 71 Colo. 473, 475, 207 Pac. 1112; *Bohm v. Bohm,* 9 Colo. 100, 10 Pac. 790; *Young v. Hinds,* 68 Colo. 164, 188 Pac. 739; *Herrick v. Woodrow-Shindler Co.,* 75 Colo. 363, 370, 226 Pac. 137. As said in *Kayser v. Maugham,* 8 Colo. 232, 238, 6 Pac. 803, "If, as already declared, a trust exists at all in this case, it belongs to the

class known as resulting or that denominated constructive; but these trusts are created by operation of law, and the statute of frauds has no application thereto. Gen. Stats. sec. 1516; Brown on Stat. of Frauds, sec. 83 *et seq.*" And as further said in *Walker v. Bruce,* 44 Colo. 109, 118, 97 Pac. 250 "Resulting trusts are not within the statute of frauds, and may be shown by parol testimony." Citing *Knox v. McFarren,* 4 Colo. 586; *Kayser v. Maugham, supra; Bohm v. Bohm, supra; Warren v. Adams,* 19 Colo. 515, 36 Pac. 604.

*McPherrin v. Fair,* 57 Colo. 333, 337, 141 Pac. 472, also calls attention to the fact that trusts created by operation of law are expressly exempted from our statute of frauds, citing sections 2660, 2661, R. S. 1908, identical with sections 5105, 5106, C. L. 1921. This principle, embodied in the statute, is supported by an unbroken line of decisions of this court.

■ 2. Evidence. Plaintiff proved his case in all essential particulars. Numerous witnesses testified; correspondence, and other evidence of a documentary character, was produced. The evidence was conflicting in some respects, an incident common to litigation, but it was more than ample to sustain the judgment. It is manifest from the record that the learned trial court followed the evidence closely, and it is difficult to see how any other conclusion could have been reached. To extend the evidence at length in this opinion would be only a repetition in longer form of plaintiff's contentions as stated above, supplemented by futile opposing testimony. It would serve no useful purpose to encumber the reports with it.

■ 3. Plaintiff's assignment of cross-error may be explained as follows: The defendant attorney agreed to assist, and did assist plaintiff in the latter's suit for a lien against the mining property. The parties originally agreed that defendant was to receive a sum equal to one-third "of whatever may be collected for the party of the first part [plaintiff] by suit or otherwise." Plaintiff

contends that since no money was collected, defendant cannot claim one-third of the real estate realized by plaintiff. We are unable to agree with plaintiff. If there was any such agreement, it is apparent that the parties by their acts modified the arrangement to meet the exigencies of an acute and uncertain situation. They pooled their interests, and took real estate because they could not get cash. It was that or nothing, and defendant did not forfeit his fees, or lose his share in the recovery, whatever it was.

The zeal of counsel for defendant and their faithfulness to him has led them to furnish exhaustive briefs upon his behalf, but they are not sufficient to overcome the evidence. The case has been ably presented, but the court decreed to the parties that to which they were lawfully entitled and we find no error.

Judgment affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.