[Civ. No. 2524. Fourth Appellate District.—April 4, 1940.]

T. N. HARVEY et al., Respondents, v. E. E. BALLAGH et al., Appellants.

Thomas Reynolds, Willard W. Wallace, Sidney A. Cherniss, Ray H. Kinnison and Herbert Cutler Brown for Appellants.

Cross & Brandt and Harvey & Johnston for Respondents.

GRIFFIN, J.—This is an appeal from a judgment ordering an accounting, awarding plaintiffs and respondents $781.25 and a one-fourth interest in a certain oil and gas leasehold interest. On October 24, 1930, E. E. Ballagh and John Patterson, as lessees, obtained an oil lease to 120 acres of land in Kern County from the General Petroleum Corporation, and they, in turn, assigned this lease, in so far as it pertained to about 85 acres thereof, to Erie Petroleum Company, for which assignment the Erie Petroleum Company agreed to pay them $10,000. Two promissory notes, dated October 24, 1930, for $8,000 and $2,000 respectively were given. John Patterson had an unpaid claim for wages in the sum of $2,100 against the Erie Petroleum Company. The notes were not paid at maturity. Respondents were employed to collect the notes and claim. In this regard the testimony shows that Ballagh asked respondent Johnston what he would charge for instituting and prosecuting the

necessary action or actions. Johnston testified: "He (Ballagh) wanted to know what I would charge and I asked him did he want to pay us so much a day in court or whether he wanted to take it on the basis of whatever we recovered, and he said on the basis of whatever was recovered. I told him we would take it on 25% of what was recovered and he would pay all the costs . . . He said that was all right with him . . . " This oral conversation constitutes the contract for the attorneys' fees and the present action is based on this fee agreement.

Respondents Harvey and Johnston accepted the employment as arranged. They brought two actions in Kern County against the Erie Petroleum Company upon the promissory notes. These actions were consolidated and transferred to San Francisco for trial. The law firm of Cross & Brandt of San Francisco were associated with them, with the consent of appellants, upon the basis that they were to receive 50 per cent of the compensation agreed upon between the firm of Harvey & Johnston and appellants. The case was tried in that county and resulted in a judgment against the Erie Petroleum Company in favor of appellants herein. Abstracts of judgments were recorded in Fresno County and in Kern County. Subsequently the executors of the estate of one Pearce, deceased, commenced an action in Fresno County to cancel the lease held by Erie Petroleum Company on certain Fresno property. In this action respondents, acting for Ballagh and Patterson, and in an effort to protect and collect the judgments obtained by them against Erie Petroleum Company, intervened. The case was tried and submitted to the trial judge, but before decision the judge died.

The second action to cancel the Erie Petroleum Company lease covering property in Fresno County was commenced by the Pearce estate in San Francisco, in which respondents again appeared. Judgment in favor of the Pearce estate was rendered in that action leaving the Kern County leasehold as the only assets of Erie Petroleum Company.

Subsequently Mr. Johnston, of the law firm of Harvey and Johnston, wrote to appellants asking them to advance the necessary costs with which to levy upon and sell the leasehold interest of Erie Petroleum Company which it had acquired from the appellants. The costs were never advanced by appellants. Subsequently, by satisfying the judgments apparently without respondents' knowledge, which said judg-

ments appellants had obtained through the efforts of respondents, they obtained back by quitclaim or leasehold deed a leasehold interest in the premises involved in this action which they had originally assigned to the Erie Petroleum Company, and immediately re-leased the premises, including the other premises which they were holding under lease from the General Petroleum Corporation, and collected $4,000 as bonus from the re-leasing of this property. Upon this state of facts the trial court apportioned the $4,000 thus received between the acreage which the Erie Petroleum Company formerly held and the remainder of the acreage held by appellants under the General Petroleum Corporation lease, and awarded to respondents $781.25, being 25 per cent of the amount of the bonus thus apportioned to the acreage formerly held by the Erie Petroleum Company, and 25 per cent of the royalties paid under the lease in proportion to such acreage, and ordered appellants to pay one-fourth of all future rents, royalties, bonuses or any other thing of value from the property mentioned in the judgment, to the plaintiffs and respondents herein. From this judgment appellants appeal.

They attack the judgment upon the following grounds: (1) that the findings of the trial court supporting the judgment are not supported by the evidence; (2) that the appellants had received nothing as a result of the services of the respondents; (3) that the agreement between appellants and respondents gave no lien to respondents of any specific property; (4) that the contract violated sections 1091 of the Civil Code and 1971 of the Code of Civil Procedure; and (5) that the cause of action relied upon by plaintiffs is for specific performance of a contract and that the complaint must fail because it fails to state a cause of action for specific performance and that the testimony disclosed a contract within the statute of frauds.

First, it is contended by appellants that respondents Harvey & Johnston agreed that it was solely in the event that respondent succeed in collecting *cash* from the Erie Petroleum Company that they were to receive 25 per cent of such *cash* so collected and that if appellants receive any other property than cash, respondents were to receive nothing. The evidence merely resolves itself into a conflict. This conflict was decided against the appellants and the finding of the trial court is substantially supported by the evidence and will not be disturbed. (*Chichester* v. *Seymour*, 28 Cal.

App. (2d) 696 [83 Pac. (2d) 301].) Under the testimony the court was fully justified in awarding to respondents one-fourth of any property which appellants received as a result of the efforts of respondents. The evidence showed that in consideration of the satisfaction of judgment which respondents obtained for appellant, they received back into their possession and under their control for oil and gas leasing purposes, the acreage which they had formerly assigned to the Erie Petroleum Company, and that upon the return of this property to them, they re-leased it, obtaining a substantial bonus therefor and royalty agreements to be paid them for oil and gas produced from such acreage. Under the circumstances it is idle to suppose that appellant Ballagh and respondent Johnston, when they entered into the oral contract for the performance of the services of Harvey & Johnston, believed that in the event appellant satisfied their many demands against Erie Petroleum Company by the acceptance of property other than cash, respondents should regard their services as a labor of love. In fact, it is not to be supposed that an attorney would enter into any such contract. The reasonable contract would be that whatever the defendant should receive as the result of the attorneys' efforts, if the contract for such services were on a contingent basis, that the attorneys should receive their proportionate share of whatever the clients received. The circumstances of this case show that the Erie Petroleum Company had two oil and gas leases and that in order to collect any judgments that might be obtained upon their notes it might be necessary to resort to these leases in order to satisfy the judgment and such resort to the leases might result in obtaining no cash for the appellants but only the acquisition of these leases.

Second, appellants further contend that they received no property as a result of the efforts of respondents. In view of the court's finding on the conflicting evidence this contention must also be held to be without merit, their contention being that the giving of the quitclaim deed was only for the purpose of removing the cloud upon the title. In lieu of using the process of law to recover back their title to the leasehold interest appellants elected to satisfy their judgments and accept in consideration thereof a return to them of the leasehold title by means of a leasehold deed from the Erie Petroleum Company. To say, therefore, that by appellants' satisfying the judgments in that manner they

only succeeded in removing a cloud from their title is untenable. They acquired a leasehold interest which they did not previously have and which they could not obtain otherwise, as there had been no default on the part of Erie Petroleum Company which would justify any action to cancel the leasehold interest. It is equally untenable to say that what the appellants received in return for the satisfactions of the judgments was valueless when it is considered that immediately upon obtaining back from the Erie Petroleum Company the leasehold interest which that company held, appellants re-leased the entire property which they had obtained under the General Petroleum Corporation lease and which acreage received from the Erie Petroleum. Company was by far the greater part, and received in consideration thereof a bonus in the sum of $4,000 cash.

█ Third, respondents claim no lien upon any specific property by reason of the agreement, but contend that under their contract they were entitled to receive from appellants one-fourth of whatever properties of any kind and nature appellants may have received in consideration of the satisfaction of judgments which respondents obtained for appellants. Appellants recovered as a result of respondents' services the leasehold interest held by the Erie Petroleum Company. Therefore, under the contract between appellants and respondents, respondents were entitled to one-fourth of such leasehold interest and any monies which may have accrued or may hereafter accrue by virtue of such recovery upon the equitable principles and under authorities herein set forth and to the protection of the equity side of the court to enforce a trust in favor of their proportionate proceeds recovered by virtue of the judgment. This right has been upheld in the cases of *Hoffman* v. *Vallejo,* 45 Cal. 564; *Luco* v. *De Toro,* 91 Cal. 405 [18 Pac. 866, 27 Pac. 1082]; *Bergen* v. *Frisbie,* 125 Cal. 168 [57 Pac. 784]; *Gomez* v. *Superior Court,* 134 Cal. App. 19 [24 Pac. (2d) 856]. It therefore follows that the judgment awarding to the respondents a one-fourth interest in the property which appellants recovered by virtue of the satisfaction of judgments obtained by the respondents for the appellants should be affirmed.

█ Fourth, appellants advance the proposition that because respondents are seeking to recover a one-fourth interest

in the leasehold interests held by appellants and obtained by them from the Erie Petroleum Company, that relief must be denied to them for the reason that they are seeking to enforce a contract for the recovery of real property, and the contract being oral cannot be so enforced. The actions of appellants have created a trust by operation of law, either resulting or constructive, in favor of respondents as to any property recovered as a result of their efforts, and sections 1091 of the Civil Code and 1971 of the Code of Civil Procedure cited by appellants, cannot be used to deprive respondents of the just fruits of their services, and thereby permit appellants to work a fraud upon respondents. (*Bates* v. *Babcock,* 95 Cal. 479 [30 Pac. 605, 29 Am. St. Rep. 133, 16 L. R. A. 745]; Civ. Code, secs. 853 and 2224; *White* v. *Sheldon,* 4 Nev. 280, 65 Cor. Jur., sec. 159, p. 392 (Trusts); *Donahoe* v. *Tjosevig,* 6 Alaska, 139.)

In *O'Byrne* v. *McNeill,* 90 Colo. 226 [7 Pac. (2d) 956], as to the contention that no trust existed for the reason that the claim of O'Byrne was void under the statute of frauds, the court said, at page 957:

"The confidential relations between the parties were sufficient to create a constructive trust. (Cases cited.) As said in *Kayser* v. *Maugham,* 8 Colo. 232, 238 [6 Pac. 803, 807]: 'If, as already declared, a trust exists at all in this case, it belongs to the class known as resulting, or that denominated constructive; but the trusts are created by operation of law, and the statute of frauds has no application thereto. (Citing cases.)' "

The language of the Supreme Court of the State of Colorado in disposing of the plaintiffs' contention there is peculiarly applicable to the claim of appellants in this case. It should be noted that while the contract between respondents and appellants contains no provision whereby appellants were to convey to respondents any interest in the leasehold interest affected by the decree of the trial court, nevertheless, the subsequent acts of the parties under the agreement created rights in reference to the leasehold interest which a court of equity should protect against any attempt to make the statute of frauds an instrument of fraud.

In *Porterfield* v. *Taylor,* (Tex. Civ. App.) 171 S. W. 793, it was held that where one employed an attorney to recover certain land, conveying to him an interest in the cause of ac-

tion as compensation for his services, and afterwards the client, without the attorney's knowledge, procures a conveyance to himself of the title to such land from the holder thereof, he holds the same as a constructive trustee for the attorney to the extent of the latter's interest.

From the foregoing it appears that the acts of appellants have created either a constructive or a resulting trust in favor of respondents in the leasehold interest acquired by appellants to the extent of respondents' proportionate share thereof. Under such circumstances it is well settled that appellants are not in a position to plead either section 1971 of the Code of Civil Procedure or section 1091 of the Civil Code to protect them against the equitable claim of respondents (25 Cal. Jur. (Trusts), secs. 31, 32 and 33; *Allen* v. *Freear,* 50 Cal. App. 645 [195 Pac. 748]; *Leviston* v. *Tonningsen,* 212 Cal. 656 [299 Pac. 724]; *Burrows* v. *Burrows,* 136 Cal. App. 323 [28 Pac. (2d) 1072]; *Penziner* v. *West American Finance Co.,* 133 Cal. App. 578 [24 Pac. (2d) 501].)

Fifth, appellants make the final point against the judgment obtained by respondents, that the action brought by respondents is one for specific performance of a contract between appellants and respondents, and it is therefore void as against the statute of frauds. The action is not brought for the purpose of requiring the defendants to specifically perform their contract. The contract contained no provision whereby the appellants agreed to convey to plaintiffs any land or any interest in any land. As pointed out above, it is not within the statute of frauds. The action is one to have it declared that plaintiffs and respondents are entitled to receive a one-fourth interest in the leasehold which the defendants and appellants received from the services of respondents. Appellants obtained this one-fourth interest subject to a trust in favor of respondents, and it was for the purpose of enforcing that trust that this form of judgment was ordered.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.